(76 App. Div. 25)

### PEOPLE v. HOCHSTIM.

**(Supreme Court, Appellate Division, First Department. December 11, 1902.)**

Supplementary opinion.
For prevailing opinion, see 78 N. Y. Supp. 638.

LAUGHLIN, J. It not having been shown that a felony was committed of which there was reasonable ground to believe the defendant guilty, there was no authority to make the arrest, and an adjudication of the constitutionality of the law is not required on the appeal. It has, however, been urged that the election law referred to in the prevailing opinion is unconstitutional, and it is deemed advisable that we should all give expression to our views on that subject. Where a person, formally registered, presents himself to the election board on election day while the polls are open for the purpose of voting, and is ready and willing, if challenged, to take the constitutional oath as to his qualifications and right to vote, I think he may not then be arrested either for illegal registration or for an attempt to vote illegally, and removed from the booth before being afforded an opportunity to cast his ballot. If the legislature provided otherwise I think the law would be unconstitutional. I am prepared to go to that extent at the present time, but no further until it becomes essential to the determination of some question presented.

It is manifest that this immunity to electors, which the constitution was designed to guaranty, may be forfeited. Their persons are not sacred during the process of voting; and, if while voting they commit felonies or other crimes, they may thereby deprive themselves of the right of franchise, and subject themselves to immediate arrest and removal. It is inadvisable for the court to attempt to determine in advance precisely what misconduct committed by an elector while in the act of voting will justify his arrest and removal before being per-

mitted to cast his ballot. The law under consideration does not authorize or require the arrest of a person while in the act of voting, as hereinbefore defined, for illegal registration or voting, and therefore I have no doubt that it is valid.

McLAUGHLIN, J., concurs.